IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 14-112-BLG-SPW |
| Plaintiff, | |
| vs. | OPINION and ORDER |
| KRISTOFER MIKAL WRIGHT, | |
| Defendant. | |

The Court is in receipt of two documents submitted pro se by Defendant Kristofer Wright. One of the documents is entitled "Motion to Suppress Evidence without Search Warrant." (Doc. 20). In the other document, Wright states that he gave permission to a man named Rudy Munoz to assist him with his legal issues. (Doc. 19). It is unclear whether Mr. Munoz assisted Wright in drafting his pro se motion. It is clear that Mr. Munoz is not Wright's appointed attorney. The Court finds it unnecessary to address the merits of Wright's motion because Wright is not permitted to file this motion pro se while he is represented by counsel.

It is settled law that a defendant has the right to represent himself in a criminal trial and that he has the right to the assistance of counsel." *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir.1978) (citations omitted). "A criminal defendant does not have an absolute right to both self-representation *and* the

1

assistance of counsel," however. *United States v. Bergman*, 813 F.2d 1027, 1030 (9th Cir. 1987) (emphasis in original). In other words, "the right to counsel and the right to proceed pro se exist in the alternative." *United States v. LaChance*, 817 F.2d 1491, 1498 (11th Cir.1987); *see also Locks v. Sumner*, 703 F.2d 403, 407-08 (9th Cir.1983). Although a court may grant permission for hybrid representation, the decision to do so "rests in the sound discretion of the trial court." *Bergman*, 813 F.3d at 1030.

By filing his motion pro se, Wright engages in hybrid representation without first seeking the Court's permission. Under such circumstances, "[a] district court has no obligation to entertain pro se motions filed by a represented party." *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001). This Court declines to consider Wright's Motion to Suppress. *See, e.g., id.* at 685 (noting that the district court did not err when it denied a represented defendant's pro se motion without considering its contents); see also *United States v. Tracy*, 989 F.2d 1279, 1285 (1st Cir.1993) ("A district court enjoys wide latitude in managing its docket and can require represented parties to present motions through counsel. The district court did not abuse its discretion in refusing to consider [the defendant's] unsigned, pro se motions.").

Accordingly, IT IS HEREBY ORDERED that Wright's Motion to Suppress (Doc. 20) is DENIED in its entirety.

DATED this 3rd day of December 2014.

SUSAN P. WATTERS
United States District Judge