FILED

NOV 28 2018

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KRISTOFER MIKAL WRIGHT,<br><br>Defendant. | Cause No. CR 14-112-BLG-SPW<br><br>ORDER |

This case comes before the Court on Defendant Wright's motion for return of seized property under Federal Rule of Criminal Procedure 41(g). On August 17, 2018, the United States moved for summary judgment in its favor.

At the time Wright filed the 41(g) motion, he was in prison, but at the time the United States moved for summary judgment, he had been released. *Cf. Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc); D. Mont. L.R. 56.2(a) (Dec. 1, 2017). Wright did not file notice of a change of address.

The United States served its motion for summary judgment on Wright at two addresses in Cody, Wyoming. It also contacted Wright, *see* D. Mont. L.R. 7.1(c)(1), and noted that Wright opposed its motion, *see* Mot. for Summary Judgment (Doc. 137) at 2. But Wright did not respond to the motion.

1

Wright's Rule 41(g) motion seeks return of a green iPhone, a silver LG phone, a black leather wallet containing identification and other "vital documents," a grey pocket knife, and a black backpack containing colognes, hygiene items, unidentified electronic items, a silver necklace, and a gold watch. *See* Rule 41(g) Mot. (Doc. 131) at 5.

The United States produced evidence supporting inferences that the Billings Police Department seized and held all property except the drug evidence, which was collected and held by the United States. *See* Zidack Aff. (Doc. 138-1) at 2 ¶ 1. Although the United States does not provide a list of "what the United States Government had in their possession," *id.*, it points out that Wright had the pretrial discovery and could determine what property was under federal control.

Wright's Rule 41(g) motion does not allege any fact supporting an inference that the property he seeks is in the custody or control of the United States. As he did not respond to the motion for summary judgment, he has not added any fact supporting such an inference. The United States is not required to return property it does not have. *See United States v. Marshall*, 338 F.3d 990, 994–95 (9th Cir. 2003). It is entitled to judgment in its favor. *See* Fed. R. Civ. P. 56(c)(4), (e)(3).

Accordingly, IT IS HEREBY ORDERED:

1. The clerk shall open a civil case to reflect filing of the Rule 41(g) motion on May 10, 2018.

2. The United States' motion for summary judgment (Doc. 137) is GRANTED.

3. Wright's motion for return of property (Doc. 131) is DENIED.

4. The clerk shall close the civil file by entering judgment, by separate document, in favor of the United States and against Wright.

5. The Court CERTIFIES, pursuant to Fed. R. App. P. 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith.

DATED this 27th day of November, 2018.

Susan P. Watters
United States District Court